UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
                                                                            :

LAKEVIEW INVESTMENT, LP                  :

                        Plaintiff,        :        11 Civ. 1851

                    v.                     :        **OPINION**

ROBERT SCHULMAN, et al.,            :

                        Defendants.  :
------------------------------------------------x

      Plaintiff Lakeview Investment, L.P. filed this class action in California state court alleging that defendants violated California state securities laws by making untrue statements in connection with the sale of limited partnership interests in two hedge funds, the Rye Select Broad Market XL Fund, L.P. and the Rye Select Market Fund, L.P.  Defendants removed the case on the grounds that the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. §§ 78bb(f), 77p(b), precluded plaintiff from maintaining this action in state court.  There are now two motions for judgment on the pleadings, and one motion to dismiss for failure to state a claim and lack of personal jurisdiction.

      The motions for judgment on the pleadings and for failure to state a claim are granted and the action is dismissed.

**THE PLEADINGS**

The following facts are taken from the pleadings in this action.

Plaintiff Lakeview Investment LP is a California-based hedge fund. It purchased limited partnership interests in the Rye Select Broad Market XL Fund, L.P. ("XL Fund") and the Rye Select Broad Market Fund, L.P. ("Market Fund"). It invested almost $24 million in the XL Fund and $1.2 million in the Market Fund.

Defendant Tremont Partners is an investment advisor which served as the sole general partner of the XL Fund and the Market Fund. Defendant Tremont Group Holdings ("TGH") is the parent holding company of TPI. Plaintiff has also sued Oppenheimer Acquisition Corp. ("Oppenheimer") (the company that owns TGH), MassMutual Holding LLC ("MassMutual I") (the holding company that owns 80% of Oppenheimer), and Massachusetts Mutual Life Insurance Company ("MassMutual II") (the company that owns MassMutual I).

Finally, Lakeview has sued various senior executives of the corporate defendants, including Robert Schulman, James Mitchell, Harry Hodges, Darren Johnston, Stuart Pologe, and Patrick Kelly.

At issue in this case are Lakeview's investments in the XL Fund and the Market Fund, which, as discussed above, together totaled approximately $25 million.

The Market Fund was a "feeder" fund to Madoff, meaning that money invested in the Market Fund was subsequently invested with Bernard Madoff of

Bernard L. Madoff Investment Securities ("BLMIS"), who purported to manage it using a "split-strike conversion" investment method. This split-strike conversion method supposedly consisted of the purchase of equities that are components of the Standard & Poor's ("S&P") 100, the purchase of S&P 100 Index put options, and the sale of S&P 100 call options.

The XL Fund operated differently but was designed to achieve similar results. Unlike the Market Fund, the money invested in the XL Fund was not given directly to Madoff to be managed by Madoff. Rather, it was designed to simulate the returns of the Market Fund. This was done in a complicated way that need not be fully described here, but which involved entering into various swap transactions with counterparties. The XL Fund's offering documents disclose that the manager of the Market Fund, whose returns the XL Fund was attempting to simulate through its various swap transactions, was investing the money in the Market Fund using a split-strike conversion method.

As is now well-known, in December of 2008, Madoff revealed that for years he had been operating a massive Ponzi scheme. As a result of this revelation, all of Lakeview's investments in the XL Fund and Market Fund were lost.

Lakeview filed this suit in March 2011. The suit is a class action on behalf of Lakeview and other similarly situated California residents that purchased limited partnership interests in the XL Fund and the Market Fund in 2007 and 2008. The claims include claims for rescission and/or damages under California state securities law based on defendants' role in selling

plaintiff securities based on false and misleading statements or omissions. These alleged statements include misstatements concerning the investment strategies of the XL Fund and the Market Fund, including that the Market Fund was managed by a manager using the split-strike conversion method. Plaintiff also seeks a declaration of rights under California law that defendants owed Lakeview fiduciary duties of care, loyalty, candor, etc., in soliciting investments. Although the request for a declaration of rights does not explicitly allege this, the necessary implication is that Lakeview claims that defendants breached such fiduciary obligations by making misrepresentations when they sold securities to Lakeview.

There are three pending motions. The first is a motion for judgment on the pleadings brought by the Tremont entities and the individual defendants, arguing that Lakeview's class action is precluded by SLUSA. They also argue that Lakeview has failed to plead the requisite elements of its claims. Oppenheimer and the MassMutual defendants also join in the arguments made in the Tremont motion and also make separate arguments. For reasons that will become apparent below, it is not necessary to address the separate arguments made by Oppenheimer and the MassMutual defendants.

## DISCUSSION

This case was removed, and defendants argue that it should be dismissed, on the grounds that the state law claims presented by plaintiff in this class action are precluded by SLUSA.

To successfully remove a state law action pursuant to SLUSA, defendants must establish that the state court action

> (1) is a covered class action (2) based on state statutory or common law that (3) alleges that defendants made a misrepresentation or omission of a material fact or used or employed any manipulative device or contrivance (4) in connection with the purchase or sale of a covered security.

Romano v. Kazacos, 609 F.3d 512, 518 (2d Cir. 2010).  SLUSA provides that no such action "may be maintained in any State or Federal court by any private party."  15 U.S.C. § 78bb(f)(1).  Once the case is removed from state court pursuant to SLUSA, courts dismiss these claims as being "precluded" by SLUSA.  See id.; Romano, 609 F.3d at 518.

First, to be a "covered class action," the complaint must seek damages on behalf of 50 or more plaintiffs.  Romano, 609 F.3d at 518.  Here, there is no dispute that the complaint seeks damages, or their functional equivalent in the form of rescission of the securities purchased by plaintiff.  Lakeview brings all of its claims on behalf of a class of similarly situated California residents, and alleges that the class is so numerous that joinder would be impracticable.  In its motion papers, plaintiff does not argue that there are less than 50 members of this class, and these class allegations suggest that there are at least 50 members of the class such that joinder would be impracticable.  Thus, the first element of SLUSA preclusion is satisfied.

Second, all of plaintiff's claims are based on California state law.  Therefore, this element is satisfied.

Third, plaintiff's claims all rely on allegations that defendants made

misrepresentations or omissions of facts. The California securities law claims refer to various misrepresentations and omissions made by defendants. The claim for a declaration of rights incorporates the substantive allegations about defendants' alleged misrepresentations and seeks a declaration that defendants owed, among other things, a duty of "candor" toward plaintiff when "soliciting investments." Again, the implication is that plaintiff claims defendants breached such duties by making misstatements. Thus, all of the claims rely on a theory that defendants made unlawful misstatements or omissions.

Finally, all of these misrepresentations were "in connection with" the purchase or sale of a covered security. In <u>Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit</u>, 547 U.S. 71, 89 (2006), the Supreme Court held that this "in connection with" requirement should be broadly interpreted. In <u>Dabit</u>, the Court held that SLUSA precluded even claims brought by holders of securities who do not allege that they purchased or sold the securities in reliance on misrepresentations, but rather claim that they <u>retained</u> their securities in reliance on such misrepresentations. Courts have also broadly construed the "in connection with" requirement to bar claims based on purchases of partnership interests in hedge funds that then invested the money in Madoff's Ponzi scheme. See <u>In re Kingate Mgmt. Ltd. Litig.</u>, No. 09 Civ. 5386 (DAB), 2011 WL 1362106, at *7-9 (S.D.N.Y. Mar. 30, 2011) (dismissing case where, *inter alia*, misrepresentations were alleged concerning Madoff's trading strategy); <u>Wolf Living Trust v. FM Multi–Strategy Investment Fund</u>, LP, No. 09 Civ. 1540 (LBS), 2010 WL 4457322, at *3 (S.D.N.Y. Nov. 2, 2010) (dismissing

case where hedge funds "were created for the purpose of investing in [covered] securities, and the misrepresentations 'had the effect of facilitating Madoff's fraud.'"); Barron v. Igolnikov, No. 09 Civ. 4471 (TPG), 2010 WL 882890, at *5 (S.D.N.Y. Mar. 10, 2010) ("In light of the Supreme Court's command that SLUSA be construed expansively, it is enough that this fraudulent scheme was in connection with the trading in the nationally listed securities in which Madoff claimed to be engaged.").

    Here, the court finds that the "in connection with" requirement is met. Plaintiff correctly points out that neither the XL Fund nor the Market Fund traded in covered securities. However, the Market Fund was invested with Madoff, who purported to trade in covered securities using his fictional "split-strike conversion" method. The XL Fund was designed to mimic the returns of the Market Fund. Plaintiff's complaint repeatedly accuses defendants of misrepresentations concerning the extent to which Madoff's split-strike conversion method would be used. These representations concerning the split-strike conversion method appear in the offering documents for the XL Fund and the Market Fund. Thus, Madoff's trading in covered securities (or lack thereof) is central to this complaint, and the "in connection with" requirement is satisfied.

    Therefore, all of the elements of SLUSA preclusion are met here.

    In an effort to avoid dismissal of the entire complaint, Lakeview argues that SLUSA does not require that the whole action be dismissed, but rather, that only the "class" claims should be dismissed and the "individual" claims

should survive. However, plaintiff's complaint does not distinguish between any "individual" claims and class claims. All of the claims in the complaint are brought by plaintiff "for itself and on behalf of all other California residents" that invested in the XL Fund and Market Fund. There are no separate "individual" claims that can be severed from "class" claims. The entire action should be dismissed. See, e.g., Winne v. The Equitable Life Assurance Society of the United States, 315 F. Supp. 2d 404, 416 (S.D.N.Y. 2003) (dismissing claims brought by plaintiff "on behalf of himself and a proposed class of individuals" because "all three state-law causes of action fall within SLUSA's parameters.").

Although the defendants have raised other grounds for dismissal of the case, there is no need to address such arguments because the entire complaint is precluded by SLUSA and must be dismissed.

### Conclusion

For the foregoing reasons, the motions for judgment on the pleadings and for failure to state a claim are granted and the action is dismissed.

This opinion resolves the documents listed as numbers 62, 65, and 68 on the docket of case 11 Civ. 1851.

So ordered.

Dated: New York, New York
September 27, 2012

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: Sept 27, 2012

- 8 -